IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL PHILLIPS SCOTT,

    Petitioner,                    No. CIV S-07-1001 WBS KJM P

    vs.

TOM L. CAREY, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges prison disciplinary proceedings occurring in 2001, which resulted in petitioner's losing 130 days of good conduct sentence credit. Respondent argues that petitioner's habeas challenge is time-barred. Petitioner has filed an opposition to the motion to dismiss.

        The Antiterrorism and Effective Death Penalty Act provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

With respect to prison disciplinary proceedings, the limitations period generally begins under § 2244(d)(1)(D) when the administrative process concerning the disciplinary proceedings is complete. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). As to the claims presented in this action, the administrative process was complete on December 26, 2001. Mot., Ex. 2.

This action was commenced by petitioner on April 30, 2006[1] when he submitted his application for writ of habeas corpus to prison officials for mailing. Pet. (Docket Entry # 1) at 24 (CM/ECF pagination); see Houston v. Lack, 487 U.S. 266, 270 (1988). Accordingly, unless there is a basis for tolling the limitations period for more than three years, this action is time-barred.

Although petitioner identifies impediments to his litigation effort between December 2001 and March 24, 2004, Opp'n at 1-2, 10-12, he does not assert any basis for tolling of the limitations period between June 23, 2005 and April 29, 2006, the later day being the day before he submitted his federal habeas petition to prison officials for mailing. See Opp'n at 1-2; Pet. at 24. From the record before the court, the court can discern none. During this period of

---

[1] The petition was filed originally in the Northern District of California, which transferred the matter to this district in May 2007.

time, the limitations period ran for a total of 311 days.  Also, petitioner does not assert any basis for tolling the limitations period between September 7, 2002 and November 7, 2002[2] and no basis is readily apparent to the court.  Between this period of time, the limitations period ran for a total of 62 days.

In light of these facts, petitioner's application for a writ of habeas corpus was not timely when he submitted it to federal court.  Therefore, the court will recommend that respondent's motion to dismiss be granted, and that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (#5) be granted; and

2. Petitioner's application for writ of habeas corpus be dismissed as time-barred.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2008.

_____
U.S. MAGISTRATE JUDGE

1
scot1001.157

---

[2] Petitioner's first application for relief in state court concerning the disciplinary proceedings at issue in this case was denied on September 6, 2002 by the Superior Court of San Louis Obispo County.  Mot., Ex. 3.  Petitioner's second application was filed in the same court on November 8, 2002.  Mot., Ex. 4 at 1.