IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL PHILLIPS SCOTT,

    Petitioner,                    No. CIV S-07-1001 WBS KJM P

   vs.

TOM L. CAREY, Warden,

    Respondent.              ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On September 9, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  Petitioner has timely filed objections to the findings and recommendations.  In his objections, petitioner asserts for the first time that the limitations period applicable to this action should be waived because he is innocent of the prison disciplinary findings at issue.  In <u>Schlup v. Delo</u>, 513 U.S. 298, 316 (1995), the Supreme Court held that an otherwise procedurally defaulted habeas petition could be heard on the merits if the habeas petitioner presents evidence of innocence "so

1

1 strong that a court cannot have confidence in the outcome of trial."  However, neither the Ninth
2 Circuit nor the Supreme Court has held that a showing by a habeas petitioner meeting the Schlup
3 standard would be sufficient to deem the limitations period inapplicable, much less in an action
4 challenging prison disciplinary proceedings.  E.g. Majoy v. Roe, 296 F.3d 770, 775-77 (9th Cir.
5 2002).  In any case, the record before the court does not demonstrate that the standard for
6 bypassing procedural impediments announced in Schlup has been met.

7       Also, petitioner suggests, for the first time, that the limitations period should be
8 tolled for some period of time between March 24, 2005 and April 7, 2006 while an attorney
9 retained by petitioner refused to return files related to this case.  Objections at 3-4.  However,
10 petitioner does not specify the amount of time the limitations period should be tolled nor has he
11 shown that his lack of access to the files in question made it impossible for him to file on time
12 thereby warranting equitable tolling.  See e.g. Espinoza-Matthews v. California, 432 F.3d 1021,
13 1026 (9th Cir. 2005) ("Equitable tolling" of the limitations period is appropriate when
14 extraordinary circumstances beyond a habeas petitioner's control make it impossible for him to
15 file on time).

16       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-
17 304, this court has conducted a de novo review of this case.  Having carefully reviewed the
18 entire file, the court finds the findings and recommendations to be supported by the record and
19 by proper analysis.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

2

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 9, 2008, are adopted in full;

2. Respondent's motion to dismiss (docket no. 5) is granted; and

3. Petitioner's application for writ of habeas corpus is dismissed as time-barred.

DATED: January 7, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

scot1001.805